NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2099

_____

MIGUEL ORELLANA-GARCIA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-320-156)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 21, 2012

Before:  FISHER, GARTH and ROTH, Circuit Judges

(Opinion filed:  January 29, 2013)

_____

OPINION

_____

PER CURIAM

Miguel Orellana-Garcia, a native and citizen of El Salvador, entered the United

States with his family at the age of nine without inspection in 1996.  After Orellana-

Garcia pleaded guilty to a marijuana offense in 2007, the Government charged him as

removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) for having violated a law relating to a controlled substance. He conceded the charge and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on his membership in a particular social group. In particular, he argued that as a young Salvadoran male raised in the United States (with the characteristics and attributed characteristics of such a person), he faced a risk of persecution by gangs in El Salvador.

The Immigration Judge ("IJ") concluded that Orellana-Garcia's asylum application was time-barred, and denied his other applications. Orellana-Garcia appealed the decision to the Board of Immigration Appeals ("BIA"), and sought a remand based on Valdiviezo-Galdamez v. Attorney Gen. of the United States, 663 F.3d 582 (3d Cir. 2011).

The BIA dismissed Orellana-Garcia's appeal. The BIA upheld the denial of the asylum application as time-barred. Among other things, the BIA also concluded that, even assuming that Orellana-Garcia had articulated membership in a particular social group, he had failed to establish that any claimed past mistreatment or fear of future harm rose to the level of persecution or was on account of a protected ground. The BIA also denied Orellana-Garcia's motion to remand as unnecessary under the facts of his case because he had failed to establish that any past or feared future harm rose to the level of persecution or that any harm was on account of any protected ground.

Orellana-Garcia presents a petition for review. He puts forth three claims of error. He contends that the BIA should have remanded his case; that the BIA committed legal error by holding that the persecution he feared was not on account of a protected ground

2

regardless of whether he showed a cognizable social group; and that the BIA erred in finding that the harm he fears does not rise to the level of persecution.[1] The Government argues that the latter two claims do not come within our jurisdiction in this case and the first is without merit, and accordingly requests that we dismiss the petition in part and deny it in part.

We first consider our jurisdiction and conclude that we may consider all three questions. The basis for Orellana-Garcia's removal is his conviction for a controlled substance violation, so our jurisdiction is limited under the REAL ID Act to constitutional claims and questions of law. See 8 U.S.C. §§ 1252(a)(2)(C) & (D); see also Liang v. INS, 206 F.3d 308, 323 (3d Cir. 2000). Our review of questions of law includes, under these circumstances, review of applications of law to facts. Cf. Silva-Rengifo v. Attorney Gen. of the United States, 473 F.3d 58, 63 (3d Cir. 2007) (citing Kamara v. Attorney Gen. of the United States, 420 F.3d 202, 211 (3d Cir. 2005), for the proposition that the "jurisdictional grant regarding appeals by aggravated felons extends not just to legal determinations but also to application of law to facts").

Accordingly, we may consider not just the legality of the denial of the request for a remand, but also the question whether the feared harm constitutes persecution. Cf. Toussaint v. Attorney Gen. of the United States, 455 F.3d 409, 412 n.3 (3d Cir. 2006) (explaining that we may review, as an application of law to facts, a question that relates

---

[1] As the Government asserts, Orellana-Garcia has waived all other claims. See Voci v. Gonzales, 409 F.3d 607, 609 n.1 (3d Cir. 2005).

not to disputed facts, but to whether the facts, if accepted as true, would demonstrate that a person would be subject to persecution). Also, Orellana-Garcia presents a legal question in his remaining argument insomuch as the essence of his argument is that the BIA should not have ruled on whether any persecution was "on account of" a protected ground independently of its analysis of the "social group" question.

Upon review, we will deny the petition. In considering the "social group" question, the IJ in Orellana-Garcia's case did rely on the "social visibility" requirement subsequently rejected in Valdiviezo-Galdamez, 663 F.3d at 604. However, the IJ and the BIA also ruled that even if Orellana-Garcia had shown that he was a member in a particular social group, he had not shown that he would be targeted on account of that basis. Although Orellana-Garcia argues to the contrary, this conclusion could be reached without resolving the social group question in this case. Cf. Gomez-Zuluaga v. Attorney Gen. of the United States, 527 F.3d 330, 345 n.10 (3d Cir. 2008) (ruling that it was not necessary to determine if there was a "particular social group" in that case where there was substantial evidence that the petitioner had not been mistreated because of her membership in the group she described).

The BIA's conclusion that Orellana-Garcia would not be targeted on account of a protected ground is supported by substantial evidence. As the BIA explained, Orellana-Garcia had merely speculated that his family members' past experiences were with gang members, and his fear of future harm was equally speculative. Orellana-Garcia did not provide any evidence that he has been or will be targeted specifically. To the extent he

4

raised a more specific threat of harm from someone who does not wish to pay back a loan, he described a personal dispute unrelated to his membership in any particular social group.  Cf. Shehu v. Attorney Gen. of the United States, 482 F.3d 652, 657 (3d Cir. 2007) (holding that mistreatment resulting from the bare desire for money is not persecution on account of a protected ground).

Furthermore, and given the speculative nature of Orellana-Garcia's claims, substantial evidence supports the BIA's conclusion that the harm Orellana-Garcia feared did not rise to the level of persecution.  See Abdille v. Ashcroft, 242 F.3d 477, 494-95 (3d Cir. 2001) (explaining that ordinary criminal activity does not rise to the level of persecution); Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993) (stating that the "concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional").

Given that the BIA could, and did, provide a rationale for its decision independent of the resolution of the social group question in this case, a remand to the IJ was not necessary despite our intervening ruling in Valdiviezo-Galdamez.  Accordingly, the BIA did not err in denying the motion to remand under the circumstances of this case.

For these reasons, we will deny the petition for review.